Guerra et al., Plaintiffs and Appellants, *v.* Acha et al., Defendants and Appellees.

Appeal from the District Court of San Juan in an Action of Debt, etc.

No. 1910.—Decided July 15, 1919.

Appeal—Statement of Case—Bill of Exceptions—Findings of Trial Court.— The findings of the trial court are not sufficient on appeal to substitute the statement of the case duly certified. Hence, when the judgment is based on questions of fact which have not been duly certified to by means of a statement of the case or bill of exceptions, the judgment will be affirmed.

The facts are stated in the opinion.

*Messrs. Sarmiento, Rodríguez Serra and Puig* for the appellants.

*Mr. Enrique Rincón Plumey* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

In the transcript of the record filed in the appeal by the plaintiffs from the judgment rendered against them by the lower court no statement of the case is included containing the evidence examined at the trial, but, taking as a basis for their appeal the findings of the trial court as they are recited in the opinion on which the judgment rests, the appellants maintain that the judgment should be reversed and substituted by another in conformity with the prayer of their complaint, because the judgment is not legally supported by the said findings. Although the appellees' consider that the said findings sustain the judgment, yet they call the attention of this court to the fact that the appeal is not so complete as to enable this court to weigh all of the evidence brought out at the trial, because no statement of the case has been filed in this court.

In view of the foregoing the question arises whether, notwithstanding the fact that there is no statement of the case, we may consider this appeal, as the appellants have submitted it, on the basis of the findings of the trial court in order to ascertain whether the law was correctly applied.

That is not a new question in this court, for in the case of *Rubio v. Charvoumier,* 20 P. R. R. 299, after holding that we could not take into consideration the statement of the case filed because it was signed by counsel for the appellant only and was not approved by the trial judge, we considered the question of whether we could decide the appeal on the basis of the findings set out in the opinion of the trial court and on that point we said:

"Complying with the provisions of section 227 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, the judge below made out a statement of the case, which appears in the record, setting forth the facts as he found them to have been established at the trial and giving the reasons on which he based his decision, but we cannot take those facts as a basis from which to deduce whether the court erred in its application of the law, for in

the supposition that the said facts did not justify his decision (and this we do not discuss), other facts unknown to us may have been brought out at the trial which would justify it. *Díaz Caneja* v. *The Administration,* 11 P. R. R. 194. In the statement of facts the trial court only set forth its special findings from the evidence as a whole, and as its weighing of the evidence may be erroneous or deficient, this cannot be taken as a basis for reversing the judgment as prayed."

In *Albite* v. *Lecumberri,* 22 P. R. R. 795, it was held that this court can review only the facts certified to it in a statement of the case or bill of exceptions and that the opinion of the lower court is useful for determining the grounds of the judgment, but should not be used as a substitute for the certificate of the facts as required by law. In *Paganacci* v. *Lebrón,* 24 P. R. R. 743, a careful study was made of the question referring to the findings of fact of the lower court and we held that here they have not the same scope as they have in California, and that for a review of the facts the law here requires a statement of the case or bill of exceptions.

Following, then, our jurisprudence in the cases cited, we must conclude that as we can not take as a basis the findings of the trial court to decide whether the law was correctly applied to the facts found, the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison dissented.